IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH MASON, et al. | ) | CASE NO.  1:10CV1231 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) | |
| | ) | |
| JOHN POWERS, et al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

This action was originally filed in the Court of Common Pleas of Cuyahoga County, Ohio by *pro se* Plaintiffs Elizabeth Mason ("Elizabeth") and her daughter Valerie Mason ("Valerie") under the Sixth and Fourteenth Amendments to the United States Constitution along with various Ohio statutes, the Ohio Rules of Criminal  Procedure, the Code of Professional Responsibility, the Code of Professional Conduct and the Ohio Rules of Court. The five Defendants include John Powers, the Federal Deposit Insurance Corporation ("FDIC"), the South Euclid Municipal Court System, the Ohio Criminal Sentencing Commission, the New York Community Bank, and the Office of Disciplinary Counsel. The action was removed to this Court by the FDIC. The Complaint, apparently prepared by Elizabeth, contains a list of violations committed by Defendants and the relief requested from some of them. There are no alleged facts. Examination of other documents in the record shows that Valerie, when confronted by a South Euclid police officer, admitted to making a bogus phone call to Am Trust Bank stating that the bank was going to be robbed by three black males. Elizabeth asserts that Valerie was falsely arrested.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an

action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)*(citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "*Pro se* plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F.Supp.2d 889, 893 (E. D. Mich. 2006*)(quoting Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996)). For the reasons stated below, this action is dismissed.

Neither the Complaint nor the remainder of the record set forth anything that could constitute a cause of action for Elizabeth. None of any potential facts pertain to her. Further, nothing in the Complaint demonstrates injury to Valerie. There are no facts substantiating a false arrest. It merely contains a statement that Valerie was falsely arrested. There is no indication in the Complaint how the Sixth Amendment pertaining to criminal prosecutions applies to this case. Because the Complaint is so weak and unsubstantial, it must be dismissed pursuant to *Iqbal*, 129 S. Ct. at 1949.

Accordingly, this action is dismissed.

IT IS SO ORDERED**.**

      /s/ Patricia A. Gaughan
JUDGE PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 6/10/10